■ CAVENDISH REALTY L. L. C., Respondent, v DOMINICK A. MISTERO et al., Appellants. [701 NYS2d 415] —Judgment, Supreme Court, New York County (Barry Cozier, J.), entered November 10, 1998, granting plaintiff's motion for summary judgment in the principal amount of $237,738.20, unanimously reversed, on the law, without costs, the motion denied, and the judgment vacated.

Plaintiff's assignor leased property to Misty's Restaurant in 1987. Defendants individually guaranteed the tenant's performance under the lease, and expressly waived notice of the tenant's nonpayment, nonperformance, proof or notice of demand to trigger the guaranty. In 1997, Misty's defaulted in payment of rent and consented to judgment in Nassau County District Court, in the amount of $237,738.20. However, the parties stipulated that the "aforesaid money judgment shall not be executed against any person, property or entity other than the named [tenant]." One month later, plaintiff brought this action to recover the amount of the judgment under the guaranty. The IAS Court viewed the guaranty as absolute and unconditional, and rejected defendants' argument that the stipulation in any way limited enforcement of the judgment.

Without passing upon the merits of plaintiff's ultimate claim against the guarantors, we hold that the stipulation in the consent judgment precluded summary recovery on that judgment against any party but the named tenant. Defendants are thus entitled to contest liability in a plenary action on the guaranty, particularly with reference to the extent of Misty's default in performance of the lease obligations and the damages actually incurred. Concur—Sullivan, J. P., Williams, Wallach, Lerner and Saxe, JJ.